**In re: Éric A. COURTNEY, Debtor,**

**Eric A. COURTNEY, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, USA, Defendant.**

**Bankruptcy No. 92–9306–8P7. Adv. No. 92–692.**

United States Bankruptcy Court, M.D. Florida, Tampa.

Feb. 24, 1993.

Rodney L. Dillon, Sarasota, FL, for plaintiff.

Philip Doyle, Washington, DC, for defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion for Summary Judgment filed by the United States Government (Government) in the above-captioned adversary proceeding. The adversary proceeding was commenced by Eric A. Courtney (Debtor) who sought a determination that his income taxes due for tax year 1988 shall be declared to be dischargeable and not to be excepted from the overall protective provisions of the general bankruptcy discharge granted to individual debtors by § 727(a) of the Bankruptcy Code. The Government, in its Motion, contends that the Debtor's liability is nondischargeable based on § 523(a)(1) of the Bankruptcy Code and relies on the following undisputed facts:

The taxes in question involve the income tax liability of the Debtor for the tax year 1988. It is without dispute that the return for that tax year became due on April 15, 1989; that the Debtor requested and obtained an extension to May 15, 1989 and ultimately to August 15, 1989.

The Petition for Relief under Chapter 7 of the Bankruptcy Code was filed on July 13, 1992. It is the contention of the Government that these taxes shall be excepted from the overall protection of the bankruptcy discharge because they became due and owing within three years of the commencement of the case relying on § 523(a)(1)(A) of the Bankruptcy Code. In opposition to the Motion, the Debtor contends that the governing language of the Code is § 523(a)(1)(B)(ii) which deals with

an exception of taxes of the kind which are entitled to priority under § 523(a)(7) with respect to which a return was filed within two years before the date of the commencement of the Debtor's Petition for Relief.

Based on the foregoing undisputed facts, the Debtor urges that since his Chapter 7 case was commenced within two years of the due date to file the tax returns, his tax liability would be a dischargeable obligation by virtue of § 523(a)(1)(B)(ii). In response, the Government urges that § 523(a)(1)(B)(ii) deals with filing a return and § 523(a)(1)(A) deals with the exception to stale taxes. Since it is clear that the tax owed by the Debtor was not due and owing over three years, the Debtor's tax liability should not be discharged.

After careful reading of these two Sections together this Court is satisfied that § 523(a)(1)(A) is controlling and even while the return was filed within two years of the commencement of this Chapter 7 case, the obligation of the Debtor for unpaid taxes should be excepted from the overall protection provisions of the general bankruptcy discharge.

Based on the foregoing, this Court is satisfied that there are no genuine issues of material fact and the Government is entitled to a judgment as a matter of law, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment is granted. Accordingly, a separate Final Judgment will be entered.

DONE AND ORDERED.